### ROEMER *v.* NEWMAN and others.

*(Circuit Court, D. New Jersey. December 22, 1883.)*

1. PATENTS FOR INVENTION—INJUNCTION—CONTEMPT.
   Where defendants have consented to a decree that a patent is valid, and an injunction restraining them from using the mechanism which it embraces, they must obey the writ until it is dissolved, and cannot, in a proceeding for contempt, assail the validity of the patent.

2. SAME,—AGREEMENT BETWEEN PARTIES—EVIDENCE—DECREE REOPENED.
   As the evidence in this case· is conflicting, and leaves the question as to whether complainant allowed defendants the privilege of using the fastening claimed to infringe his' patent, the rule to show cause why they should not be attached for contempt should not be made absolute, but the decree *pro confesso* should be reopened, the release of damages canceled, and the case proceed to final hearing.

On Attachment for Contempt.

*Briesen & Betts*, for the motion.

*A. Q. Keasbey & Sons, contra.*

NIXON, J. This is a motion for attachment for contempt against the defendants for violating an injunction. The petitioner brought an action in this court against the defendants for the infringement of letters patent No. 195, 233. No answer was filed. A decree *pro con.* was entered, and an injunction was issued restraining the defendants from any further infringement of said letters patent. The allegation of the petition is that the injunction has been violated. The defendants set up three grounds of defense: (1) That the complainant's patent is void; (2) that before the decree *pro con.* was taken the complainant conceded to the defendants the right to use the fastening which is now complained of; and, (3) that there has been no infringement.

1. With regard to the first defense, it is only necessary to say that the defendants are not allowed in this proceeding to assail the validity of the patent on which the injunction has been issued. They consented to the decree that the patent was valid, and to the injunction restraining them from using the mechanism which it embraced, and they must obey the order of the writ until it is dissolved. *Phillips* v. *City of Detroit*, 16 O. G. 627.

2. The bulk of the testimony has been directed to the second point, to-wit, whether the complainant agreed with the defendants that the manufacture and use of a certain fastening, marked in this proceeding Exhibit A, would be regarded by the complainant as a violation of the injunction. There is no doubt that the manufacture complained of, and which is alleged to be a violation, no more nearly resembles the invention claimed by the complainant's patent than does Exhibit A; and if the testimony shows that at the time of agreeing to the decree it was understood between the parties that Exhibit A was not an infringement, the complainant should not be allowed, on this motion for contempt, to stop its manufacture and use. The testimony is conflicting. The complainant denies that there was any admission made or license granted for the use of Exhibit A, and the defendants produce several witnesses who are sworn to prove it. It is difficult to determine where the truth lies, and it is charitable to hope that there was an honest misunderstanding between them. At the time that the decree *pro con.* was allowed against the defendants, the complainant signed a paper releasing them from all claims for damages and profits. Possibly both parties were acting under a misapprehension, and the best solution of the case, in my judgment, is for both to agree that the decree should be opened, the release of damages canceled, and the suit proceed to a final hearing.

At all events, I am not willing, on the evidence taken, to make the rule to show cause why the defendants should not be attached for contempt absolute. The same is discharged, but, under the circumstances, without costs.